Judge Marshall
delivered the opinion of the Court.
Although the judgment was rendered against Harrison and Crow jointly,yet, as Crow did not join in the replevy bond, but it was executed by Harrison alone as principal, with Murphy and others as sureties, Crow as co-obligor or co-surety with Harrison in the original note, was not the principal of these sureties in the replevy bond, but they were the sureties of Harrison alone. The case of Whitman vs Gaddy, (7 B. Monroe, 591,) does not contravene this position. Rut as Harrison, by paying the bond himself, (if not by its execution and acceptance as a satisfaction of the judgment,) would be entitled to call upon Crow as a co-surety for such contribution as would equalize the loss; and as it is only through him and in his place that one of his sureties, by discharging the replevy bond for him, can become entitled to contribution from Crow, Murphy, who, as the surety of Harrison, has paid the replevy bond out of his own property, has a right, upon showing the insolvency of Harrison, to call upon his co-sureties in *445 the replevy bond, or such of them as may be solvent, to divide the loss. Or he may by substitution to the rights of Harrison, his principal, call on Crow for such contribution as Harrison himself would upon payment by him, have been entitled to. Rut as Harrison’s right to contribntion from Crow would depend primarily upon the insolvency of Kincheloe, who was their principal, his insolvency, and perhaps that of Harrison also, is an essential ground of the claim of Murphy upon Crow. And as Harrison could not call upon Crow for contribution without exhausting or at least accounting r ..... . . , . . . _ for any property ot Kincheloe their principal, which may have been in his hands or under his control for his indemnity, for to the extent of such property Kinche-loe as between these parties was not insolvent, (Morrison vs Poynter, 7 Dana, 310,) so Murphy can have no claim upon Crow but upon the same condition, and to the same extent of one half of the excess of the payment beyond the indemnity. And for contribution as to the other half, he must look to his co-sureties in the replevy bond.
Judgment against two entities, but not the principal one or plevies the debt, pays the surety of the defendant with replevies the debt, its not the surety of the defendant who such coíid 'noMinve insolvensy of the first principal.
‘ One surety has no right to call upon another ior contribution until he shows the insolvency of the principal, which lie cannot do whilst he 1ms effects of the principal in his hands.
In seeking contribution against Crow, Murphy subjects himself to all the equities, at least to all pertaining to this transaction, which Crow has against Harrison; and as the answer of Harrison, under and through whom he claims, shows that he had in his hands or under his control property of Kincheloe set apart for his indemnity in this transaction, there can be no recovery against Crow until that indemnity is exhausted or fully accounted for. Nor can Crow even then be made liable for the loss which Murphy may sustain as the surety of Harrison, if it be made to appear as Crow alleges, that he was not in fact the co-surety of Harrison for Kincheloe, but that as to him they were both principals. As the facts appear in this record, Crow must be assumed to have been the co-surety of Harrison, and liable for one-half of the excess of the loss beyond the available indemnity furnished by Kincheloe to Harrison. If the payment of about one half of the debt *446 made by Harrison to Murphy during the pendency of this suit were made out of his own means which is not probable, still the indemnity must be accounted for before it can be ascertained what Crow should contribute to equalize the'loss. Or if the payment were made from the indemnity itself, which is probable, or from other means furnished by Kincheloe, and if it could be assumed (which cannot be done,) that this payment exhausted the indemnity, still as Crow would in no event be liable for more than one half of the residue, the decree against him for the whole, is for too much, and therefore erroneous.
Grigsby for plaintiff; Riley for defendant.
But the radical error is in decreeing against him, w'hen the insolvency of Kincheloe, of which he requires proof, has not been established ; and when no account has been given of the indemnity furnished by him to Harrison to the extent of which he was not insolvent. But as upon the hypothesis that Crow was a co-surety with Harrison, it is probable that something may be duefrom him, the case will beleft open for further; preparation by proper pleadings and proof as to the in- • solvency of Kincheloe, or to the disposition of the indemnity, and as to the fact whether Crow was a co-surety with Harrison for Kincheloe, and for any other matters afflicting the equities of the parties.
Wherefore the decree is reversed, and the cause remanded for further proceedings consistent with this opinion.